IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

KRISTY HOOKS,

Plaintiff,

v.

THE HARTFORD LIFE AND ACCIDENT INSURANCE COMPANY,

Defendant.

CIVIL ACTION NO. 2:12-cv-220-WHA (WO)

**MEMORANDUM OPINION AND ORDER**

**I. INTRODUCTION**

This cause is before the court on the Plaintiff's Motion to Remand to Claims Administrator (Doc. #13).

The Plaintiff, Kristy Hooks, filed a Complaint against the Defendant, Hartford Life and Accident Insurance Company, on March 7, 2012. The Complaint brings a claim for denial of long term disability benefits under the Employee Retirement Income Security Act of 1974 ("ERISA"). The Defendant filed its original Answer on April 5, 2012, and filed an Amended Answer and Counterclaim on July 9, 2012, which brings a claim for reimbursement of excess disability benefits.

On August 8, 2012, the Plaintiff filed this Motion seeking a remand to the Claims Administrator to consider the Social Security Administration's favorable determination of the Plaintiff's disability, which was issued after the Defendant's final denial of benefits. Pursuant to the court's Order (Doc. #14), the Defendant filed a Response (Doc. #15) as to why this matter

should not be remanded.  The Plaintiff filed a Reply (Doc. #16) on September 5, 2012.  The court has federal question subject matter jurisdiction in this case because the Plaintiff seeks to recover benefits under an employer-sponsored ERISA plan pursuant to 29 U.S.C. § 1132.

For reasons to be discussed, the Motion to Remand is due to be DENIED.

## II.  APPLICABLE STANDARD

In cases reviewing the denial of benefits under ERISA, the general rule in the Eleventh Circuit is that a court should not consider evidence never presented to an ERISA plan's administrator, but under some circumstances might remand to the administrator for a new determination.  *See Jett v. Blue Cross & Blue Shield of Ala., Inc.*, 890 F.2d 1137, 1140 (11th Cir. 1989).  Eleventh Circuit precedent demonstrates that remand is appropriate in some, but not all, cases.  *See, e.g.*, *Levinson v. Reliance Standard Life Ins. Co.*, 245 F.3d 1321, 1330 (11th Cir. 2001) (affirming district court's refusal to remand when party obtained new evidence after litigation commenced); *Shannon v. Jack Eckerd Corp.*, 113 F.3d 208, 210 (11th Cir. 1997) (affirming remand to consider subsequently available evidence *after* district court found that administrator's decision was arbitrary and capricious).

## III.  FACTS

The submissions of the parties establish the following facts:

Kristy Hooks ("Hooks") filed a claim for disability benefits under an insurance policy issued by Hartford Life and Accident Insurance Company ("Hartford"), and provided to her by her employer, GKN North America Services ("GKN").  Hooks was employed with GKN as a composite worker when she stopped work in January 2009 due to persistent pain from various medical conditions.

Hooks initially received short term disability benefits through July 21, 2009, and Hartford awarded Hooks long term disability ("LTD") benefits from July 22, 2009 until August 3, 2010. On that date, Hartford informed Hooks that her LTD benefits were terminated because she did not meet the plan's definition of disability. Hooks appealed the denial of benefits, but in a letter dated May 16, 2011, Hartford issued its "final decision" to maintain the termination of LTD benefits. (Doc. #1-5 at p.5). Hartford's final appeal decision exhausted Hooks's administrative remedies under ERISA.

On June 27, 2011, Hooks informed Hartford that she had received a favorable disability determination from the Social Security Administration ("SSA") in a decision dated June 2, 2011. Hooks requested that Hartford reopen her case to consider the social security decision. However, Hartford refused to review the favorable decision because Hartford's denial of benefits was "based on a complete and final administrative record." (Doc. #1-6 at p.3). On March 9, 2012, Hooks filed the present action to recover benefits pursuant to 29 U.S.C. § 1132(a).

Hooks now moves to remand the matter to the claims administrator to consider the favorable decision from the SSA.

## IV.  DISCUSSION

The Eleventh Circuit has recently restated the general rule that "[r]eview of the plan administrator's denial of benefits is limited to consideration of the material available to the administrator at the time it made its decision." *Blankenship v. Metro. Life Ins. Co.*, 644 F.3d 1350, 1354 (11th Cir. 2011) (citing *Jett v. Blue Cross & Blue Shield of Ala., Inc.*, 890 F.2d 1137, 1140 (11th Cir. 1989)). For the following reasons, Hooks's Motion to Remand to the Claims Administrator is due to be denied.

Hooks cites a statement in *Jett* to support her motion to remand. In *Jett* the Eleventh Circuit held that, as a general matter, "[w]hen conducting a review of an ERISA benefits denial under an arbitrary and capricious standard (sometimes used interchangeably with an abuse of discretion standard), the function of the court is to determine whether there was a reasonable basis for the decision, based upon the facts as known to the administrator at the time the decision was made." *Jett*, 890 F.2d at 1139. The *Jett* court reviewed the process by which the district court had found that the plan administrator's decision was arbitrary and capricious, holding that the district court did not properly limit its consideration to the evidence before Blue Cross at the time it denied coverage, but considered later submitted evidence. *Id.* It remanded with instruction to the district court to limit its review to consideration of the material before Blue Cross at the time it made its decision, and stated that "[a]s long as a reasonable basis appears for Blue Cross' decision, it must be upheld . . . even if there is evidence that would support a contrary decision." *Id.* at 1140. The court, however, then went on to say, and this is the part relied on by Hooks, that if the plaintiff wished "to present additional information that might affect the determination of eligibility for benefits, the proper course would be to remand to Blue Cross for a new determination." *Id.*

Two Eleventh Circuit cases cited by Hooks affirm the rule in *Jett*; however, their application to this case does not support remand. *See Levinson v. Reliance Standard Life Ins. Co.*, 245 F.3d 1321 (11th Cir. 2001); *Shannon v. Jack Eckerd Corp.*, 113 F.3d 208 (11th Cir. 1997). In *Shannon*, the Eleventh Circuit affirmed the district court's decision to remand to the claims administrator to consider additional evidence. *See Shannon*, 113 F.3d at 210. The district court directed remand, however, only after fully reviewing the record and finding that the

administrator's denial of benefits was arbitrary and capricious because the administrator did not evaluate submitted conclusions that a medical procedure was "investigational" and did not obtain additional relevant information. *See id.* Because this court has yet to consider the substance of Hooks's claim, *Shannon* does not apply.

In *Levinson*, the Eleventh Circuit upheld the district court's refusal to remand to the claims administrator, reasoning that if the party requesting remand desired new evidence to be in the administrative record, it should have acquired that evidence before the appeals process ended. *See Levinson*, 245 F.3d at 1328 (citing *Davidson v. Prudential Ins. Co. of Am.*, 953 F.2d 1093, 1095 (8th Cir. 1992)). Although in the present case, the SSA's favorable decision did not become available until shortly after Hartford issued its final denial of benefits, Hooks could have alerted Hartford to the pending SSA determination before the appeals process closed. As the court understands the evidence before it, she did not. *See Torrey v. Qwest Commc'ns Int'l, Inc.*, 838 F. Supp. 2d 1201, 1205 (D. Colo. 2012) (SSA decision considered on remand when the plaintiff alerted administrator to pending SSA decision before his final appeal was denied). Regardless, the Eleventh Circuit ultimately agreed with the district court that in cases "where the administrator considered all of the record evidence and reached a conclusion," remand is not appropriate. *Levinson*, 245 F.3d at 1327.

Another district court in this circuit addressed the applicability of *Levinson* and *Shannon* in a case similar to the one at hand. *See Ray v. Sun Life & Health Ins. Co.*, 752 F. Supp. 2d 1229 (N.D. Ala. 2010). The plaintiff in *Ray* suggested that Eleventh Circuit precedent requires the plan administrator to continually consider new evidence even after the administrative process has concluded. *See id.* at 1234. The court disagreed, stating that if this proposition were true, "the

process of deciding each claim for benefits under ERISA could continue *ad infinitum*, or as long as the plaintiff . . . chose to submit additional documents for consideration." *Id.* (emphasis in original). The court went on to state that neither *Levinson*, *Shannon*, nor *Jett* required a district court to remand solely for consideration of new evidence. *See id.* This court agrees with the reasoning in *Ray*—Eleventh Circuit precedent does not bind a district court to remand to the plan administrator when the plaintiff has acquired additional evidence after completion of the claims process. The decision to remand to a plan administrator is discretionary with the district court, *see Levinson*, 245 F.3d at 1328, and the analysis must be tailored to the facts of each case.

Hooks cites a recent Supreme Court case, *Kappos v. Hyatt*, 132 S. Ct. 1690 (2012), however, to support her argument that a district court should consider new evidence of disability after administrative review. In *Kappos*, a patent case arising under 35 U.S.C. § 145, the Supreme Court ordered remand so that the district court could consider evidence submitted for the first time during litigation, as well as the administrative record. *Id.* at 1697. This involved a different statute and different case law. To apply the *Kappos* decision to this case would undercut longstanding precedent in ERISA jurisprudence, and, as acknowledged by Hooks in brief, would require "a reassessment of the entire regime of ERISA litigation." The court finds *Kappos* to be inapplicable to this case.

## V. CONCLUSION

The question of remand for consideration of additional evidence is one which requires an analysis of all facts in an ERISA case, after consideration of the full record before the claims administrator. Remand is not called for before that stage, simply because the claimant has decided that she wants to submit additional evidence which she had, but did not submit, to the

administrator before a decision to deny was made.  For the reasons discussed, the court concludes that remand to the claims administrator is not appropriate at this time.  Accordingly, it is hereby ORDERED that

Plaintiff's Motion to Remand to Claims Administrator (Doc. #13) is DENIED.

DONE this 19th day of October, 2012.

      /s/ W. Harold Albritton
W. HAROLD ALBRITTON
SENIOR UNITED STATES DISTRICT JUDGE